**DYKEMA GOSSETT LLP**
JOHN M. THOMAS, State Bar No. 266842
  JThomas@dykema.com
DEREK S. WHITEFIELD, State Bar No. 165731
  DWhitefield@dykema.com
TAMARA A. BUSH, State Bar No. 197153
  TBush@dykema.com
JANET L. CONIGLIARO, (PHV)
  JConigliaro@dykema.com
444 South Flower Street, Suite 2200
Los Angeles, California 90071
Telephone: (213) 457-1800
Facsimile: (213) 457-1850

Attorneys for Defendant,
TOYOTA MOTOR SALES, U.S.A., INC.

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA, WESTERN DIVISION

| | |
|---|---|
| ROBERT SWEENY, MARGARET BEHLOW, SHERYL BENNETT, MIKE CHRISTOPHERSEN, CATHERINE MURPHY, ROBERT COLE, MONIKA GALGANEK-KULAGA, LISA MOREAU, CHRISTINA BALMER-GAGE, VALERIE CHATMON, MARTHA JANE GRUBBS, and OCTAVIO TRUJILLO, on behalf of themselves and all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>TOYOTA MOTOR SALES U.S.A., INC.,<br><br>Defendant. | Case No. 2:22-CV-00949-SPG (ASx)<br><br>Honorable Sherilyn Peace Garnett<br>Courtroom 5C – First Street Courthouse<br><br>Magistrate Alka Sagar<br>Courtroom 540 - Roybal Courthouse<br><br>**CLASS ACTION**<br><br>**PROTECTIVE ORDER**<br><br>**Complaint Filed:** Feb. 11, 2022<br>**1st Amend Complaint:** May 27, 2022<br>**2nd Amend Complaint:** Oct. 12, 2022<br>**3rd Amend Complaint:** Mar. 2, 2023 |

111067.000011 4855-3987-1619.1

Stipulated Protective Order
1

1. **A. PURPOSES AND LIMITATIONS**

Discovery in this action is likely to involve production of confidential, proprietary, or private information for which special protection from public disclosure and from use for any purpose other than prosecuting this litigation may be warranted. Accordingly, the parties hereby stipulate to and petition the Court to enter the following Stipulated Protective Order (herein after, also "Protective Order" or "Order"). The parties acknowledge that this Order does not confer blanket protections on all disclosures or responses to discovery and that the protection it affords from public disclosure and use extends only to the limited information or items that are currently contemplated for production by the parties and entitled to confidential treatment under the applicable legal principles. The parties further acknowledge, as set forth in Section 14.3, below, that this Stipulated Protective Order does not entitle them to file confidential information under seal; Civil Local Rule 79-5 and this Court's Standing Order For Newly Assigned Cases (Section 5) sets forth the procedures that must be followed and the standards that will be applied when a party seeks permission from the court to file material under seal.

**B.     GOOD CAUSE STATEMENT**

This action is likely to involve the production of documents that a Producing Party and/or Designating Party claims contain trade secrets, customer and pricing lists and other valuable research, development, commercial, financial, technical and/or proprietary information for which applicable law affords special protection from public disclosure and from use for any purpose other than prosecution of this action is warranted. Such confidential and proprietary materials and information will be protected pursuant to the extent applicable law permits and might consist of, among other things, confidential business or financial information, information regarding confidential business practices, or other confidential research, development, or commercial information (including information implicating privacy rights of third parties), information otherwise generally unavailable to the public, or which may be

privileged or otherwise protected from disclosure under Federal Rule of Civil Procedure 26(c) and relevant court rules, case decisions, state or federal statutes, or common law.

To expedite the flow of information, to facilitate the prompt resolution of disputes over confidentiality of discovery materials, to adequately protect information the parties are entitled to keep confidential, to ensure that the parties are permitted reasonable necessary uses of such material in preparation for and in the conduct of trial, to address their handling at the end of the litigation, and serve the ends of justice, a protective order for such information is justified in this matter. For the sake of clarity, the issuance of this Protective Order is not intended to enlarge the definition of "Confidential" information or "Confidential—Attorneys' Eyes Only" information afforded by applicable law. Nor do the Plaintiffs agree that documents comprising the categories set forth herein are necessarily entitled to "Confidential" or "Confidential-Attorneys' Eyes Only" status under applicable law. Rather, the Protective Order is necessary to facilitate the exchange of information, and to avoid undue delays to discovery by affording "Confidential" or "Confidential-Attorneys' Eyes Only" status to such documents the Producing Party or Designating Party reasonably and in good faith believes are entitled to "Confidential" or "Confidential-Attorneys' Eyes Only" status, unless and until a challenge is made.

It is the intent of the parties that information will not be designated as confidential for tactical reasons and that nothing be so designated without a good faith belief that it meets the definition of "Confidential" under applicable law and has been maintained in a confidential, non-public manner, and there is good cause why it should not be part of the public record of this case.

2. DEFINITIONS

    2.1    <u>Action</u>: the action entitled Robert Sweeny et al. v. Toyota Motor Sales USA, Inc., Case No. 22-CV-00949-SPG-JEM.

    2.2    <u>Challenging Party</u>: a Party or Non-Party that challenges the

designation of information or items under this Order.

2.3  "CONFIDENTIAL" Information or Items: information (regardless of how it is generated, stored or maintained) or tangible things that qualify for protection under Federal Rule of Civil Procedure 26(c), and that a Producing Party and/or Designating Party reasonably believes in good faith is entitled to protection under applicable law.

2.4  "CONFIDENTIAL – ATTORNEYS' EYES ONLY" Information or Items: information or items the Producing Party or Designating Party reasonably believes in good faith contains extremely sensitive "CONFIDENTIAL" Information or Items, which might include non-public product design and testing information or extremely sensitive, highly confidential, non-public information, consisting either of trade secrets or proprietary or other highly confidential business, financial, regulatory, or strategic information (including information regarding business plans, technical data, and non-public designs), the disclosure of which the Producing Party or Designating Party believes in good faith would create a substantial risk of competitive or business injury to the Producing Party or Designating Party above and beyond the showing required to qualify as "Confidential" Information under applicable law and is, therefore, entitled to protection as "Confidential-Attorneys' Eyes Only."

2.5  Counsel: Outside Counsel of Record and House Counsel (as well as their support staff).

2.6  Designating Party: a Party or Non-Party that designates information or items that it or another Party or Non-Party produces in disclosures or in responses to discovery as "CONFIDENTIAL" or "CONFIDENTIAL – ATTORNEYS' EYES ONLY."

2.7  Disclosure or Discovery Material: all items or information, regardless of the medium or manner in which it is generated, stored, or maintained (including, among other things, testimony, transcripts, and tangible things), that are

produced or generated in disclosures or responses to discovery in this matter.

2.8 Expert: a person with specialized knowledge or experience in a matter pertinent to the litigation who has been retained by a Party or its counsel to serve as an expert witness or as a consultant in this Action.

2.9 House Counsel: attorneys who are employees of a party to this Action. House Counsel does not include Outside Counsel of Record or any other outside counsel.

2.10 Non-Party: any natural person, partnership, corporation, association, or other legal entity not named as a Party to this action.

2.11 Outside Counsel of Record: attorneys who are not employees of a party to this Action but are retained to represent or advise a party to this Action and have appeared in this Action on behalf of that party or are affiliated with a law firm which has appeared on behalf of that party, and includes support staff.

2.12 Party: any party to this Action, including all of its officers, directors, employees, consultants, retained experts, and Outside Counsel of Record (and their support staffs).

2.13 Producing Party: a Party or Non-Party that produces Disclosure or Discovery Material in this Action.

2.14 Professional Vendors: persons or entities that provide litigation support services (e.g., photocopying, videotaping, translating, preparing exhibits or demonstrations, and organizing, storing, or retrieving data in any form or medium) and their employees and subcontractors.

2.15 Protected Material: any Disclosure or Discovery Material that is designated as "CONFIDENTIAL" or "CONFIDENTIAL – ATTORNEYS' EYES ONLY."

2.16 Receiving Party: a Party that receives Disclosure or Discovery Material from a Producing Party.

3. SCOPE

The protections conferred by this Stipulation and Order cover not only Protected Material (as defined above), but also (1) any information copied or extracted from Protected Material; (2) all copies, excerpts, summaries, or compilations of Protected Material; and (3) any testimony, conversations, or presentations by Parties or their Counsel that might reveal, describe, summarize, or reference Protected Material.

Any use of Protected Material at trial shall be governed by the orders of the trial judge. This Order does not govern the use of Protected Material at trial, but remains in effect until the time period specified in paragraph 4 below.

4. DURATION

This Order shall remain in force and effect until modified, superseded, or terminated by consent of the parties or by order of the Court made upon reasonable written notice. Unless otherwise ordered, or agreed upon by the parties, this Order shall survive the termination of this action. Termination of this action shall be deemed to be the later of (1) dismissal of all claims and defenses in this Action, with or without prejudice; and (2) final judgment herein after the completion and exhaustion of all appeals, rehearings, remands, trials, or reviews of this Action, including the time limits for filing any motions or applications for extension of time pursuant to applicable law. The Court retains jurisdiction even after termination of this action to enforce this Order and to make such amendments, modifications, deletions and additions to this Order as the Court may from time to time deem appropriate.

5. DESIGNATING PROTECTED MATERIAL

5.1 Exercise of Restraint and Care in Designating Material for Protection. Each Party or Non-Party that designates information or items for protection under this Order must take care to limit any such designation to specific material that qualifies under the appropriate standards. The Designating Party must

designate for protection only those parts of material, documents, items, or oral or written communications that qualify so that other portions of the material, documents, items, or communications for which protection is not warranted are not swept unjustifiably within the ambit of this Order.

Mass, indiscriminate, or routinized designations are prohibited. Designations that are shown to be clearly unjustified or that have been made for an improper purpose (e.g., to unnecessarily encumber the case development process or to impose unnecessary expenses and burdens on other parties) may expose the Designating Party to sanctions.

If it comes to a Designating Party's attention that information or items that it designated for protection do not qualify for protection, that Designating Party must promptly notify all other Parties that it is withdrawing the inapplicable designation. Conversely, nothing in this Order precludes a Producing Party from seeking the entry of a separate order to govern materials for which additional protection is needed.

5.2    <u>Manner and Timing of Designations</u>. Except as otherwise provided in this Order (see, e.g., second paragraph of section 5.2(a) below), or as otherwise stipulated or ordered, Disclosure or Discovery Material that qualifies for protection under this Order must be clearly so designated before the material is disclosed or produced.

Designation in conformity with this Order requires:

(a) for information in documentary form (e.g., paper or electronic documents, but excluding transcripts of depositions or other pretrial or trial proceedings), that the Producing Party affix at a minimum, the legend "CONFIDENTIAL" or "CONFIDENTIAL – ATTORNEYS' EYES ONLY (hereinafter "CONFIDENTIAL legend"), to each page that contains protected material.

A Party or Non-Party that makes original documents available for inspection

need not designate them for protection until after the inspecting Party has indicated which documents it would like copied and produced. During the inspection and before the designation, all of the material made available for inspection shall be deemed "CONFIDENTIAL" or "CONFIDENTIAL – ATTORNEYS' EYES ONLY." After the inspecting Party has identified the documents it wants copied and produced, the Producing Party must determine which documents, or portions thereof, qualify for protection under this Order. Then, before producing the specified documents, the Producing Party must affix the "CONFIDENTIAL legend" to each page that contains Protected Material. If only a portion or portions of the material on a page qualifies for protection, the Producing Party also must clearly identify the protected portion(s) (e.g., by making appropriate markings in the margins).

      (b) for testimony given in depositions that the Designating Party identify the Disclosure or Discovery Material, within 30 days after receipt of the final transcript.

      (c) for information produced in some form other than documentary and for any other tangible items, that the Producing Party affix in a prominent place on the exterior of the container or containers in which the information is stored the legend "CONFIDENTIAL" or "CONFIDENTIAL – ATTORNEYS' EYES ONLY."

      5.3    <u>Inadvertent or Unintentional Failures to Designate</u>. An inadvertent or unintentional failure to designate qualified information or items does not, standing alone, waive the Designating Party's right to secure protection under this Order for such material. Upon timely correction of a designation, the Receiving Party must make reasonable efforts to assure that the material is treated in accordance with the provisions of this Order.

      6.   CHALLENGING CONFIDENTIALITY DESIGNATIONS

      6.1    <u>Timing of Challenges</u>. Any Party or Non-Party may challenge a designation of confidentiality at any time that is consistent with the Court's

1 Scheduling Order.

2       6.2  <u>Meet and Confer</u>. The Challenging Party shall initiate the dispute resolution process under Local Rule 37.1 et seq. and/or follow the specific procedures for informal, telephonic discovery hearings set forth by this Court.

      6.3  Prior to filing any challenge with the Court, the parties shall exchange sufficient information about the reason(s) for their designation(s) and challenge(s) to engage in meaningful "meet and confer" process, and nothing in this order excuses that obligation.

      6.4  The burden of persuasion in any such challenge proceeding shall be on the Designating Party. Nothing in this Protective Order, nor the fact that the parties have entered into it, is intended to diminish or in any way alter the showing that must be made under applicable law to establish that a Document(s) or any portion thereof that is designated as "CONFIDENTIAL" or "CONFIDENTIAL – ATTORNEYS' EYES ONLY" Information is actually entitled to protection under applicable law.

      6.5  Frivolous challenges, and those made for an improper purpose (e.g., to harass or impose unnecessary expenses and burdens on other parties) may expose the Challenging Party to sanctions. Unless the Designating Party has waived or withdrawn the confidentiality designation, all parties shall continue to afford the material in question the level of protection to which it is entitled under the Producing Party's designation until the Court rules on the challenge.

      6.6  The absence of an objection or other challenge to the designation of a Document or any portion thereof as "CONFIDENTIAL" or "CONFIDENTIAL – ATTORNEYS' EYES ONLY" information shall not be deemed or construed as an agreement by the Receiving Party that the material is entitled to protection under the terms of this Protective Order and/or applicable law.

7. <u>ACCESS TO AND USE OF PROTECTED MATERIAL</u>

      7.1  <u>Basic Principles</u>. A Receiving Party may use Protected Material that

is disclosed or produced by another Party or by a Non-Party in connection with this Action only for prosecuting, defending, or attempting to settle this Action. Such Protected Material may be disclosed only to the categories of persons and under the conditions described in this Order. When the Action has been terminated, a Receiving Party must comply with the provisions of section 15 below (FINAL DISPOSITION).

Protected Material must be stored and maintained by a Receiving Party at a location and in a secure manner that ensures that access is limited to the persons authorized under this Order.

7.2   Use By Producing Party of its Own Protected Material. Nothing contained in this Protective Order shall affect the parties' right to disclose to anyone its own Protected Material. However, in the event a Designating Party treats its own Protected Material in a manner that is inconsistent with its status as such (e.g., disclosing Protected Material to the public), the content of the Document(s) in question shall lose its status as Protected Material in accordance with the procedures set forth in Section 6 of this Order.

7.3   Disclosure of "CONFIDENTIAL" Information or Items. Unless otherwise ordered by the court or permitted in writing by the Designating Party, a Receiving Party may disclose any information or item designated "CONFIDENTIAL" only to:

> **(a)** the Receiving Party's Outside Counsel of Record in this Action, as well as (1) employees of said Outside Counsel of Record to whom it is reasonably necessary to disclose the information for this Action, (2) Non-employee contract lawyers, paralegals, case clerks, clerical workers, and other persons hired from temporary staffing agencies retained by the Receiving Party's Outside Counsel of Record in this Action to provide litigation services such as document review, motion preparation, trial preparation, exhibit preparation, deposition preparation, and clerical or

secretarial duties, to whom it is reasonably necessary to disclose "CONFIDENTIAL" or "CONFIDENTIAL – ATTORNEYS' EYES ONLY" information in this Action and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A);

**(b)** the officers, directors, and employees (including House Counsel) of the Receiving Party to whom disclosure is reasonably necessary for this Action;

**(c)** Subject to paragraph 8 below, experts (as defined in this Order) of the Receiving Party to whom disclosure is reasonably necessary for this Action and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A);

**(d)** the court and its personnel;

**(e)** court reporters and their staff;

**(f)** professional jury or trial consultants, mock jurors, and Professional Vendors to whom disclosure is reasonably necessary for this Action and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A);

**(g)** the author or recipient of a document containing the information or a custodian or other person who otherwise possessed or knew the information;

**(h)** during their depositions, witnesses, and attorneys for witnesses, in the Action to whom disclosure is reasonably necessary provided: (1) the deposing party requests that the witness and his/her counsel, if not already a signatory to this Order, sign the form attached as Exhibit A hereto and the witness and his/her counsel, if not already a signatory to this Order, sign Exhibit A; and (2) the witness and his/her counsel, if not already a signatory to this Order, will not be permitted to keep confidential information unless they sign the "Acknowledgment and Agreement to Be Bound" (Exhibit A), unless otherwise agreed by the Designating Party or ordered

by the court. Pages of transcribed deposition testimony or exhibits to depositions that reveal Protected Material may be separately bound by the court reporter and may not be disclosed to anyone except as permitted under this Stipulated Protective Order; and

>   **(i)** any mediator or settlement officer, and their supporting personnel, mutually agreed upon by any of the parties engaged in settlement discussions.

> 7.4   <u>Disclosure of "CONFIDENTIAL – ATTORNEYS' EYES ONLY" Information or Items</u>. Unless otherwise ordered by the court or permitted in writing by the Designating Party, a Receiving Party may disclose any information or item designated "CONFIDENTIAL – ATTORNEYS' EYES ONLY" only to:

> (a) the Receiving Party's Outside Counsel of Record in this Action, as well as (1) employees of said Outside Counsel of Record to whom it is reasonably necessary to disclose the information for this Action, and (2) Non-employee contract lawyers, paralegals, case clerks, clerical workers, and other persons hired from temporary staffing agencies retained by the Receiving Party's Outside Counsel of Record in this Action to provide litigation services such as document review, motion preparation, trial preparation, exhibit preparation, deposition preparation, and clerical or secretarial duties, to whom it is reasonably necessary to disclose "CONFIDENTIAL" or "CONFIDENTIAL – ATTORNEYS' EYES ONLY" information in this Action and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A);

> (b) House Counsel of the Receiving Party to whom disclosure is reasonably necessary for this Action;

> (c) Subject to paragraph 8 below, experts (as defined in this Order) of the Receiving Party to whom disclosure is reasonably necessary for this Action and who have signed the "Acknowledgment and Agreement to Be

      Bound" (Exhibit A);

      (d) the court and its personnel;

      (e) court reporters and their staff;

      (f) the author or recipient of a document containing the information or a custodian or other person who otherwise possessed or knew the information;

      (g) any mediator or settlement officer, and their supporting personnel, mutually agreed upon by any of the parties engaged in settlement discussions.

In the event documents designated as "CONFIDENTIAL – ATTORNEYS' EYES ONLY" are requested to be used during a deposition, the Parties will participate in a meet and confer in a reasonable time in advance of any such deposition to discuss whether individuals, other than those identified above, may view the specific documents during the deposition. If the Designating Party agrees that "CONFIDENTIAL – ATTORNEYS' EYES ONLY" documents may be used during a deposition in this limited capacity, the pages of transcribed deposition testimony or exhibits to depositions that reveal "CONFIDENTIAL – ATTORNEYS' EYES ONLY" shall be separately bound by the court reporter and may not be disclosed to anyone except as specifically permitted under this Stipulated Protective Order.

      8. <u>QUALIFICATION OF PLAINTIFFS' OUTSIDE EXPERTS AND CONSULTANTS</u>

      CONFIDENTIAL and CONFIDENTIAL – ATTORNEYS' EYES ONLY Information may not be shared with or disclosed to any expert or consultant who is currently employed, or becomes employed during the course of the Action, by a direct competitor of any of the Toyota entities named in the Action (i.e., any automobile manufacturer and any company involved in the design, manufacturing or distribution of vehicles or components). Notwithstanding paragraphs 7.3(d) and

7.4(c), CONFIDENTIAL and CONFIDENTIAL – ATTORNEYS' EYES ONLY Information may be provided to experts or non-attorney litigation consultants only for the purpose of aiding, assisting, or allowing such expert or consultant to prepare a written opinion, to prepare to testify, or to assist counsel for a party in this Action.

## 9. PROTECTED MATERIAL SUBPOENAED OR ORDERED PRODUCED IN OTHER LITIGATION

If a Party is served with a subpoena or a court order issued in other litigation that compels disclosure of any information or items designated in this Action as "CONFIDENTIAL" or "CONFIDENTIAL – ATTORNEYS' EYES ONLY," that Party must:

(a) promptly notify in writing the Designating Party. Such notification shall include a copy of the subpoena or court order;

(b) promptly notify in writing the party who caused the subpoena or order to issue in the other litigation that some or all of the material covered by the subpoena or order is subject to this Order. Such notification shall include a copy of this Stipulated Protective Order; and

(c) cooperate with respect to all reasonable procedures sought to be pursued by the Designating Party whose Protected Material may be affected.

If the Designating Party timely seeks a protective order, the Party served with the subpoena or court order shall not produce any information designated in this action as "CONFIDENTIAL" or "CONFIDENTIAL – ATTORNEYS' EYES ONLY" before a determination by the court from which the subpoena or order issued, unless the Party has obtained the Designating Party's permission. The Designating Party shall bear the burden and expense of seeking protection in that court of its confidential material and nothing in these provisions should be construed as authorizing or encouraging a Receiving Party in this Action to disobey a lawful directive from another court.

## 10. A NON-PARTY'S PROTECTED MATERIAL SOUGHT TO BE PRODUCED IN THIS LITIGATION

10.1 The terms of this Order are applicable to information produced by a Non-Party in this Action who become signatories to this Protective Order and designate documents as "CONFIDENTIAL" or "CONFIDENTIAL – ATTORNEYS' EYES ONLY." Such information produced by Non-Parties in connection with this litigation is protected by the remedies and relief provided by this Order. Nothing in these provisions should be construed as prohibiting a Non-Party from seeking additional protections.

10.2 In the event that a Party is required, by a valid discovery request, to produce a Non-Party's confidential information in its possession, and the Party is subject to an agreement with the Non-Party not to produce the Non-Party's confidential information, then the Party shall:

(1) promptly notify in writing the Requesting Party and the Non-Party that some or all of the information requested is subject to a confidentiality agreement with a Non-Party;

(2) promptly provide the Non-Party with a copy of the Stipulated Protective Order in this Action, the relevant discovery request(s), and a reasonably specific description of the information requested; and

(3) make the information requested available for inspection by the Non-Party, if requested.

10.3 If the Non-Party fails to seek a protective order from this court within 14 days of receiving the notice and accompanying information, the Receiving Party may produce the Non-Party's confidential information responsive to the discovery request. If the Non-Party timely seeks a protective order from this court, the Receiving Party shall not produce any information in its possession or control that is subject to the confidentiality agreement with the Non-Party before a determination by the court. Absent a court order to the contrary, the Non-Party shall

bear the burden and expense of seeking protection in this court of its Protected Material.

11. <u>UNAUTHORIZED DISCLOSURE OF PROTECTED MATERIAL</u>

If a Receiving Party learns that, by inadvertence or otherwise, it has disclosed Protected Material to any person or in any circumstance not authorized under this Stipulated Protective Order, the Receiving Party must immediately (a) notify in writing the Designating Party of the unauthorized disclosures, (b) use its best efforts to retrieve all unauthorized copies of the Protected Material, (c) inform the person or persons to whom unauthorized disclosures were made of all the terms of this Order, and (d) request such person or persons to execute the "Acknowledgment and Agreement to Be Bound" that is attached hereto as Exhibit A.

12. <u>NO WAIVER OF PRIVILEGE (FRE 502(D))</u>: The production of privileged or work-product protected documents, electronically stored information ("ESI"), or any other information, whether inadvertent or otherwise, is not a waiver of the privilege or protection from discovery in this Litigation or in any other federal or state proceeding. This order shall be interpreted to provide the maximum protection allowed by Federal Rule of Evidence 502(d). The provisions of Federal Rule of Evidence 502(b) are inapplicable to the production of Protected Information under this Order.

13. <u>EFFECT OF DISCLOSURE OF PRIVILEGED INFORMATION (FRCP 26(B)(5)(B) AND FRE 502(E))</u>: Pursuant to Federal Rule Civil Procedure 26(b)(5)(B) and Federal Rule of Evidence 502(e), the Receiving Party hereby agrees to return, sequester, or destroy any Privileged Information disclosed or produced by Designating or Producing Party upon request. If the Receiving Party reasonably believes that Privileged Information has been inadvertently disclosed or produced to it, it shall promptly notify the Designating or Producing Party and sequester such information until instructions as to disposition are received. The failure of any party to provide notice or instructions under this Paragraph shall not

constitute a waiver of, or estoppel as to, any claim of attorney-client privilege, attorney work product, or other ground for withholding production as to which the party would be entitled in the Litigation or any other federal or state proceeding.

### 14. MISCELLANEOUS

14.1 <u>Right to Further Relief</u>. Nothing in this Order abridges the right of any person to seek its modification by the Court in the future.

14.2 <u>Right to Assert Other Objections</u>. By stipulating to the entry of this Protective Order no Party waives any right it otherwise would have to object to disclosing or producing any information or item on any ground not addressed in this Stipulated Protective Order. Similarly, no Party waives any right to object on any ground to use in evidence of any of the material covered by this Protective Order.

14.3 <u>Filing Protected Material</u>. A Party that seeks to file under seal any Protected Material must comply with Civil Local Rule 79-5 and Section 5 of this Court's Standing Order For Newly Assigned Cases. Protected Material may only be filed under seal pursuant to a court order authorizing the sealing of the specific Protected Material at issue. If a Party's request to file Protected Material under seal is denied by the court, then the Receiving Party may file the information in the public record unless otherwise instructed by the court.

### 15. FINAL DISPOSITION

Within 60 days of the final disposition of this Action, as defined in paragraph 4, each Receiving Party must return all Protected Material to the Producing Party or destroy such material. As used in this subdivision, "all Protected Material" includes all copies, abstracts, compilations, summaries, and any other format reproducing or capturing any of the Protected Material. Whether the Protected Material is returned or destroyed, the Receiving Party must submit a written certification to the Producing Party (and, if not the same person or entity, to the Designating Party) by the 60 day deadline that (1) identifies (by category, where appropriate) all the Protected Material that was returned or destroyed and (2) affirms that the Receiving

Party has not retained any copies, abstracts, compilations, summaries or any other format reproducing or capturing any of the Protected Material.

16. Any violation of this Order may be punished by any and all appropriate measures including, without limitation, contempt proceedings and/or monetary sanctions.

IT IS SO STIPULATED, THROUGH COUNSEL OF RECORD.

DATED:  September 29, 2023          LEMBERG LAW LLC

By: /s/ *Joshua Markovits*
JOSHUA MARKOVITS
Attorneys for Plaintiffs

DATED:  September 29, 2023          DYKEMA GOSSETT LLP

By: /s/ *John M. Thomas*
JOHN M. THOMAS
JANET CONIGLIARO
Attorneys for Defendant

## **ATTESTATION**

Pursuant to Local Rule 5-4.3.4, the signatories listed above, and on whose behalf the filing is submitted, concur in the filing's content and have authorized the filing.

DATED:  September 29, 2023          DYKEMA GOSSETT LLP

By: /s/ *John M. Thomas*
JOHN M. THOMAS
JANET CONIGLIARO
Attorneys for Defendant

111067.000011 4855-3987-1619.1

18

Stipulated Protective Order

FOR GOOD CAUSE SHOWN, IT IS SO ORDERED.

DATED: November 1, 2023          / s / Sagar
                                 HON. ALKA SAGAR
                                 United States Magistrate Judge

# EXHIBIT A

## ACKNOWLEDGMENT AND AGREEMENT TO BE BOUND

I, _____ [print or type full name], of _____ [print or type full address], declare under penalty of perjury that I have read in its entirety and understand the Stipulated Protective Order that was issued by the United States District Court for the Central District of California on [date] in the case of *Robert Sweeny et al. v. Toyota Motor Sales U.S.A., Inc.*, 22-CV-00949-SPG (ASx). I agree to comply with and to be bound by all the terms of this Stipulated Protective Order and I understand and acknowledge that failure to so comply could expose me to sanctions and punishment in the nature of contempt. I solemnly promise that I will not disclose in any manner any information or item that is subject to this Stipulated Protective Order to any person or entity except in strict compliance with the provisions of this Order.

I further agree to submit to the jurisdiction of the United States District Court for the Central District of California for the purpose of enforcing the terms of this Stipulated Protective Order, even if such enforcement proceedings occur after termination of this action. I hereby appoint _____ [print or type full name] of _____ [print or type full address and telephone number] as my California agent for service of process in connection with this action or any proceedings related to enforcement of this Stipulated Protective Order.

Date: _____

City and State where sworn and signed: _____

Printed name: _____

Signature: _____

DYKEMA GOSSETT LLP
333 SOUTH GRAND AVENUE
SUITE 2100
LOS ANGELES, CALIFORNIA 90071